UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Alison Lorence, | Civil No. 09-473 (DWF/SRN) |
|     Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Michael J. Astrue,<br>Commissioner of Social Security, | |
|     Defendant. | |

---

Fay Fishman, Esq., Peterson & Fishman, 3009 Holmes Avenue South, Minneapolis, Minnesota 55408, on behalf of Plaintiff.

Lonnie F. Bryan, Esq., Office of the United States Attorney, 300 South 4th Street, Suite 600, Minneapolis, Minnesota 55415, on behalf of Defendant.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter is before the undersigned United States Magistrate Judge on Plaintiff's Petition for Attorney's Fees [Doc. No. 25] in the amount of $9,180.40, pursuant to the Equal Access to Justice Act (EAJA), the relevant text of which is codified at 28 U.S.C. § 2412(d). This matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that the Petition be granted in part and denied in part.

**I.    FACTS AND PROCEDURAL HISTORY**

Plaintiff originally applied for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on December 2, 2003. Plaintiff's application was denied both initially

1

and on reconsideration.  A hearing before an Administrative Law Judge (ALJ) was held on October 5, 2006.  The ALJ issued an unfavorable decision on February 15, 2007.  The Appeals Council vacated the hearing decision and remanded the case to the ALJ on July 31, 2007.

After the remand, another ALJ held a hearing on January 16, 2008.  On March 27, 2008, the second ALJ also issued an unfavorable decision and the Appeals Council denied review.

Seeking judicial review of the final decision of the Commissioner, Plaintiff filed the instant action on February 25, 2009.  Plaintiff filed a motion for summary judgment on August 19, 2009, and Defendant filed a motion for summary judgment on September 30, 2009.

After considering the parties' arguments, on February 5, 2010, this Court issued a Report and Recommendation recommending that the decision of the Commissioner be reversed and the case be remanded for an immediate award of benefits.  Specifically, the Court determined that the ALJ erred by:  (1) failing to apply Social Security Ruling 99-2p ("SSR"), which discusses how to evaluate cases involving chronic fatigue syndrome ("CFS"); (2) improperly evaluating the medical records by discounting the opinions of Plaintiff's treating physicians and by ignoring medical records that came after Plaintiff's insured status expired; and (3) improperly assessing Plaintiff's subjective complaints of pain.  The Court opted to award benefits outright to Plaintiff, rather than remanding the case back to the ALJ, because the record overwhelmingly supported a finding of disability.

The Government did not object to the Court's Report and Recommendation [Doc. No. 22].  On February 23, 2010, United States District Court Judge Donovan W. Frank adopted the Report and Recommendation and remanded the case to the Commissioner for an immediate award of benefits [Doc. No. 23].

Pursuant to the Equal Access to Justice Act (EAJA), Plaintiff filed this petition for attorney's fees and expenses on March 3, 2010. The petition seeks compensation for 48.4 hours expended by Plaintiff's counsel in the prosecution of this case, at a rate of $172.24 per hour. Plaintiff also seeks compensation for an additional two point eight (2.8) hours spent preparing Plaintiff's fee petition and an additional two point one (2.1) hours spent preparing the reply to the fee petition for a cumulative total of 53.3 hours and $9,180.40.

## II. **DISCUSSION**

### A. Legal Framework of the EAJA.

The EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

Id. § 2412(d)(1)(B). Attorney's fees requested under this section may not exceed the rate of $125.00 per hour "unless the court determines that an increase in the cost of living . . . justifies a higher fee." Id. § 2412(d)(2)(A).

Defendant does not challenge Plaintiff's entitlement to fees under the EAJA or the requested hourly rate. Rather, Defendant asserts that the fees Plaintiff requests are excessive and should be reduced by half. Plaintiff's counsel seeks 48.4 hours for her representation before this court, two point eight (2.8) hours for time spent preparing the EAJA application and memorandum, and two point one (2.1) hours preparing the reply memorandum to the EAJA application, for a total of 53.3 hours in fees.

First, Defendant contends that Plaintiff should not be awarded fees for three point eight (3.8) hours that Plaintiff's counsel spent reviewing the action of the Appeals Counsel, before this lawsuit was initiated. Defendant is correct that time spent at the administrative level is not compensable under the EAJA. Kelly v. Bowen, 862 F.2d 1333, 1335 (8th Cir. 1988); Cornella v. Schweiker, 728 F.2d 978, 988-89 (8th Cir. 1984). Fees for legal services performed at the administrative level are a matter for the Commissioner. Gowen v. Bowen, 855 F.2d 613, 618 (8th Cir. 1988) (citing 42 U.S.C. § 406(b)); see also Carolyn A. Kubitschek, Social Security Disability Law & Procedure in Fed. Court § 10:9, Fees for representation of claimant before agency (2010). Based on these lines of cases, Defendant contends that Plaintiff should not be granted fees for Plaintiff's counsel first three time entries on the Itemization of Services [Doc. No. 27 Ex. 1]. This Court agrees that the first two time entries, for reviewing the action of the Appeals Council (0.3 hours) and drafting a letter to the client regarding the same (0.2 hours), should properly be considered part of the administrative proceeding. However, the third entry, for reviewing the file (3.3 hours), took place more than a week later and was in anticipation of

filing the instant action in federal court.  Therefore, this Court recommends deducting 0.5 hours from the total fee award for counsel's work related to the Appeals Council's decision.

Second, Defendant argues that the three point four (3.4) hours Plaintiff's attorney spent initiating the lawsuit, was excessive because of the routine nature of the documents Plaintiff was required to prepare and review.  These three point four hours were spent drafting a letter to Plaintiff regarding the appeal, communicating with the Plaintiff regarding the IFP application, drafting and revising the Summons, Complaint, and IFP application, reviewing the IFP order, and reviewing correspondence from Defendant and Defendant's notice of appearance.  While these tasks may be routine in nature, they nevertheless require research and development of the factual record.  Given the numerous errors Plaintiff alleged the ALJ made, this Court does not believe that the time Plaintiff's attorney spent initiating the lawsuit was unreasonable or excessive.  This Court recommends that Plaintiff be awarded fees for the full 3.4 hours of time counsel spent initiating the lawsuit.

Next, Defendant asserts that the time Plaintiff's counsel spent reviewing the transcript, and researching, drafting, and editing the summary judgment briefs was excessive.  Defendant asserts that this time, 30.9 hours, was unreasonable because Plaintiffs' attorney represented Plaintiff in the two prior administrative actions and hearings and because counsel has experience in social security cases.  Plaintiff's briefs in this matter totaled fifty-two (52) pages and addressed a number of errors by the ALJ and interrelated issues.  The transcript itself totaled 844 pages, including more than 550 pages of medical records.  Despite counsel's previous involvement in the matter, writing the lengthy summary judgment brief, including summarizing the extensive medical records, required a significant amount of time.  Under the circumstances of this case, the Court cannot say that Plaintiff's fee request is excessive or unreasonable.  This

Court recommends that Plaintiff be awarded full fees for the time counsel spent preparing the summary judgment briefs.

Next Defendant contends that this Court should not award Plaintiff fees for the time counsel spent seeking an enlargement of the word count for the summary judgment briefs. Defendant contends that the motion to exceed the word count was unnecessary because Plaintiff's brief contained many string citations, block quotations and black letter law. Plaintiff's motion to exceed the word count sought a mere 834 extra words to account for the substantial number of medical records in this case. Plaintiff's motion was not unreasonable and this Court recommends that Plaintiff's counsel be awarded the full amount of fees requested in connection with the motion for enlargement of word count.

Additionally, Defendant asserts that the two point eight (2.8) hours Plaintiff's counsel spent preparing the EAJA petition is excessive and that any time beyond one hour is unwarranted and "outside the norm." This Court has previously awarded more than one hour's worth of fees for preparing EAJA applications. See e.g. Stoops v. Barnhart, No. 04-1739 (Report & Recommendation, D. Minn. May 1, 2006, aff'd May 31, 2006) (granting three hours of fees for preparing EAJA application); Delgehausen v. Barnhart, No. 03-4124 (Report & Recommendation, D. Minn. June 16, 2005, aff'd July 7, 2005) (granting three hours in fees for EAJA application). Therefore, Plaintiff's application for two point eight hours in fees is not unreasonable or excessive. This Court recommends granting all the requested fees for the time Plaintiff's counsel spent preparing the EAJA petition.

Finally, Defendant argues that Plaintiff's memorandum of law suggests that any fee award should be paid to Plaintiff's attorney directly and not Plaintiff, which is contrary to the

plain language of the EAJA. Reviewing Plaintiff's submissions, however, it is clear to this Court that the EAJA petition seeks fees to be paid to Plaintiff, not Plaintiff's attorney.

Plaintiff filed a reply brief to Defendant's Objection to Plaintiff's Motion for Attorneys Fees under the EAJA. Plaintiff seeks an additional two point one (2.1) hours for the time Plaintiff's counsel spent on that reply. This Court recommends that Plaintiff be awarded the additional 2.1 hours in fees spent on the reply brief to the EAJA application.

The Court further finds that the $172.24 per hour rate is reasonable in light of the increase in the cost of living since the enactment of the $125.00 statutory rate guideline set in 1996. In conclusion, this Court recommends that Plaintiff's attorney be awarded $9,094.27 in fees under the EAJA for 52.8 hours of work after the 0.5 hour reduction for the hours spent on work at the administrative level.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Petition for Attorney's Fees [Doc. No. 25] be **GRANTED n part and DENIED in part**, and that Plaintiff be awarded $9,094.27 in fees under the EAJA.


Dated: April 12, 2010                                       _s/ Susan Richard Nelson_____
                                                                   SUSAN RICHARD NELSON
                                                                   United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **April 27, 2010** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.